# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| **LARRY EDGE,** Individually and on behalf of all others similarly situated, *Plaintiff*, v. **STERICYCLE, INC.** *Defendant*. | Case No. 1:22-cv-5987 **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Larry Edge, brings this action individually and on behalf of all current and former Drivers, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Stericycle, Inc. ("Stericycle" or "Defendant")—anywhere in the United States, at any time from October 31, 2019 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Alabama common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Alabama state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Alabama, and FED. R. CIV. P. 23, to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Stericycle, anywhere in the United States, at any time from October 31, 2019 through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period, Stericycle knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Stericycle's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from

Plaintiff and the Putative Collective/Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

7. The effect of Stericycle's practice was (and is) that all time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Stericycle failed to properly compensate Plaintiff and the Putative Collective/Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Collective/Class Members' overtime under the FLSA.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Alabama state law.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time compensation and other damages owed under the Alabama state law as a class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Edge designated herein be named as the Class Representative for the Alabama Class.

## II.
## THE PARTIES

12. Plaintiff Larry Edge ("Edge") was employed by Stericycle in Alabama during the relevant time period. Plaintiff Edge did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former non-exempt Drivers who were employed by Stericycle, anywhere in the United States, at any time from October 31, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Edge worked and was paid.

14. The Alabama Class Members are those current and former Drivers who were employed by Stericycle, in Alabama, at any time from October 31, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Edge worked and was paid.

15. Defendant Stericycle, Inc. is a foreign for-profit corporation licensed to and doing business in Illinois, and can be served through its registered agent: **C T Corporation System, 208 SO LaSalle St, Suite 814, Chicago, Illinois 60604.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Alabama state law claims pursuant to 28 U.S.C. § 1367.

---

[1] The written consent of Larry Edge is hereby attached as Exhibit "A."

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general jurisdiction over Stericycle because Illinois qualifies as its home state.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Stericycle's corporate headquarters are located in Bannockburn, Illinois, which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

22. Defendant Stericycle is a full-service solid waste company providing paper shredding services, medical waste collection, and disposal services to commercial customers across the United States.[2]

23. To provide these services, Stericycle employed (and continues to employ) numerous Drivers—including Plaintiff and the Putative Collective/Class Members.

24. Plaintiff and the Putative Collective/Class Members were employed by Stericycle as non-exempt Drivers, whose duties included driving container vehicles, picking up medical waste or paper waste, and delivering the medical or paper waste to a drop off location.

25. Plaintiff Edge was employed by Stericycle in Huntsville, Alabama as a Swing Driver from approximately 2013 until September 30, 2020.

---

[2] https://www.stericycle.com/en-us/about-us/company-overview/who-we-are.

26. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

27. Importantly, none of the FLSA exemptions relieving a covered employer (such as Stericycle) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

28. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Stericycle resulting in the complained of FLSA violations.

29. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that as Drivers they pick up and deliver medical or paper waste.

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis, and all have at least a 30-minute meal break deducted automatically each workday.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Stericycle resulting in the complained of FLSA and Alabama state law violations.

32. Stericycle has a policy wherein it automatically deducts one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time.

33. Stericycle was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

34. When calculating Plaintiff and the Putative Collective/Class Members' hours each workweek, Stericycle deducted (and continue to deduct) thirty minutes from Plaintiff and the Putative Collective/Class Members' daily on-the-clock hours, in violation of the FLSA.

35. In other words, for each 5-day workweek, Stericycle deducted (and continue to deduct) two and a half (2.5) hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Stericycle deducted (and continue to deduct) three (3) hours from each workweek's total "on-the-clock" hours.

36. Stericycle's systematic deduction of the meal periods from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

37. Stericycle's systematic deduction of the meal periods from actual hours worked in excess of forty (40) hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Collective/Class Members of the required and proper amount of overtime pay in violation of the FLSA.

38. As a result of Stericycle's failure to compensate Plaintiff and the Putative Collective/Class Members for performing work "off-the-clock," Plaintiffs and the Putative Collective/Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

39. Stericycle has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

40. Stericycle's failure to compensate Plaintiff and the Putative Collective/Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

41. Stericycle knew or should have known that it was miscalculating Plaintiff and the Putative Collective/Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Collective/Class Members in violation of the FLSA.

42. Stericycle knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

43. Stericycle knew or should have known that causing and/or requiring Plaintiff and the Putative Collective/Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

44. Stericycle actions therefore constitute willful violations under the FLSA and were not made in good faith.

45. Because Stericycle did not pay Plaintiff and the Putative Collective/Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Stericycle's pay policies and practices violate the FLSA.

46. Because Stericycle did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, Stericycle's pay policies and practices also violate Alabama state law.

47. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Alabama state law.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.      FLSA COVERAGE**

48.     The preceding paragraphs are incorporated as though fully set forth herein.

49.     The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WORKED FOR STERICYCLE, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 31, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

50.     At all material times, Stericycle has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51.     At all material times, Stericycle has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

52.     At all material times, Stericycle has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53.     Specifically, Stericycle operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

54. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Stericycle, these individuals provided services for Stericycle that involved interstate commerce for purposes of the FLSA.

55. In performing work for Stericycle, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Drivers who assisted Stericycle's customers throughout the United States by transporting goods in commerce. 29 U.S.C. § 203(j).

57. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

58. The proposed class of similarly situated employees—that is, FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Stericycle.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

60. Stericycle has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they

worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Moreover, Stericycle knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

62. Stericycle knew or should have known their pay practices were in violation of the FLSA.

63. Stericycle is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Stericycle to pay them according to the law.

65. The decisions and practices by Stericycle to not pay Plaintiff and the FLSA Collective Members for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  COLLECTIVE ACTION ALLEGATIONS**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf Stericycle's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

69. Other similarly situated employees of Stericycle have been victimized by Stericycle's patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 49.

71. Stericycle's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Stericycle, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Stericycle will retain the proceeds of their rampant violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Alabama Common Law)

**A. VIOLATIONS OF ALABAMA COMMON LAW**

79. The preceding paragraphs are incorporated as though fully set forth herein.

80. Plaintiff Edge further brings this action pursuant to the equitable theory of *quantum meruit*. *See Cooley v. HMR of Alabama, Inc.,* 259 F. Supp. 3d 1312, 1317 (N.D. Ala. 2017).

81. The "Alabama Class" is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WORKED FOR STERICYCLE, INC., ANYWHERE IN THE STATE OF ALABAMA, AT ANY TIME FROM OCTOBER 31, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Alabama Class" or "Alabama Class Members").**

82. The Alabama Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Stericycle.

83. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Hornady v. Outokumpu Stainless USA*, No. CV 1:18-00317-JB-N, 2022 WL 495186, at *12 (S.D. Ala. Feb 17, 2022).

84. The Alabama Class Members provided valuable services for Stericycle, at Stericycle's direction and with Stericycle's acquiescence.

85. Stericycle accepted the Alabama Class Members' services and benefited from their timely dedication to Stericycle's policies and adherence to Stericycle's schedule.

86. Stericycle was aware that Plaintiff Edge and the Alabama Class Members expected to be compensated for the services they provided to Stericycle.

87. Stericycle has therefore benefited from services rendered by Plaintiff Edge and the Alabama Class Members, and Plaintiff and the Alabama Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit.*

## B. ALABAMA CLASS ALLEGATIONS

88. Plaintiff Edge brings his Alabama Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Stericycle to work in Alabama since October 31, 2020. *See* ALA. CODE § 6-2-38(m)

89. Class action treatment of the Alabama Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

90. The number of Alabama Class Members is so numerous that joinder of all class members is impracticable.

91. Plaintiff Edge's Alabama state-law claims share common questions of law and fact with the claims of the Alabama Class Members.

92. Plaintiff Edge is a member of the Alabama Class, his claims are typical of the claims of the other Alabama Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Alabama Class Members.

93. Plaintiff Edge and his counsel will fairly and adequately represent the Alabama Class Members and their interests.

94. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

95. Accordingly, the Alabama Class should be certified as defined in Paragraph 81.

## VI.
## RELIEF SOUGHT

96. Plaintiff respectfully prays for judgment against Stericycle as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Stericycle to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Stericycle liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

    d. For an Order certifying the Alabama Class as defined in Paragraph 81 and designating Plaintiff Edge as the Class Representative of the Alabama Class;

    e. For an Order pursuant to Alabama law awarding Plaintiff Edge and the Alabama Class Members unpaid wages and other damages allowed by law;

    f. For an Order awarding the costs and expenses of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Edge a service award as permitted by law;

    j. For an Order compelling the accounting of the books and records of Stericycle, at Stericycle's expense; and

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 31, 2022      Respectfully submitted,

             By: */s/ Ryan F. Stephan\_\_\_\_*
               Ryan F. Stephan
               James B. Zouras
               Anna M. Ceragioli
               **STEPHAN ZOURAS, LLP**
               100 N. Riverside Plaza, Suite 2150
               Chicago, Illinois 60606
               312.233.1550
               312.233.1560 *f*
               rstephan@stephanzouras.com
               jzouras@stephanzouras.com
               aceragioli@stephanzouras.cm
               Firm ID: 43734

               **Clif Alexander** *(Pro Hac Vice Anticipated)*
               Texas Bar No. 24064805
               clif@a2xlaw.com
               **Austin Anderson** *(Pro Hac Vice Anticipated)*
               Texas Bar No. 24045189
               austin@a2xlaw.com
               **ANDERSON ALEXANDER, PLLC**
               819 N. Upper Broadway
               Corpus Christi, Texas 78401
               Telephone: (361) 452-1279
               Facsimile: (361) 452-1284

               *Counsel for Plaintiff and the Putative Collective/Class Members*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on October 31, 2022, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Ryan F. Stephan*